UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY BALDWIN MAYES, | § | |
|     *Petitioner*, | § | |
| | § | CIVIL ACTION H-06-2680 |
| | § | |
| NATHANIEL QUATERMAN, | § | |
|    Director of the Texas Department | § | |
|    of Criminal Justice - Correctional | § | |
|    Institutions Division, | § | |
|     *Respondent*. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Wesley Baldwin Mayes, an inmate of the Texas Department of Criminal Justice, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, which has been referred to this magistrate judge for report and recommendation. (Dkt. 6). Respondent has filed a motion for summary judgment. (Dkt. 11). The court recommends that Mayes' application be dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1]

Mayes is serving a sentence from the 176th District Court of Harris County, Texas. Under a plea bargain agreement, Mayes waived indictment and pled guilty to the offense of theft under $1500. The trial court accepted Mayes' plea and sentenced him to five years in prison on December 3, 2004. Mayes did not appeal his conviction, but filed a state writ of

---

[1] Petitioner's motion for production of documents (Dkt. 14) is denied. Petitioner's motion for relief for judgment under Rule 60(b)(4) (Dkt. 18) is also denied. While Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction § 2255 proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). Here, because Mayes is challenging his criminal judgment of conviction, not a § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges.

habeas corpus on May 15, 2006 challenging his conviction.[2] This writ was denied on August 23, 2006. Mayes filed his federal application for writ of habeas corpus on August 16, 2006.

Mayes's federal application is governed by the amendments to the federal habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2224. The AEDPA provides a one year limitation period for habeas petitions, running from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mayes did not file an appeal, his conviction became final on January 3, 2005, thirty days after his sentencing. Under § 2244(d)(1)(A), Mayes' limitation period expired one year later on January 3, 2006. However, the present federal petition was filed on September 16, 2006, more than eight months after the one-year limitations period.

Mayes' state habeas petition, filed on May 15, 2006, did not toll the limitations period because it was filed after the expiration of the limitations period.[3] Mayes has not alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to

---

[2] Mayes also filed a state writ of habeas corpus from a previous conviction challenging only the revocation of mandatory supervision on September 6, 2005. *Ex Parte Mayes*, App. No. 65,510-01.

[3] Mayes' state writ application filed on September 6, 2005 is not relevant to statutory tolling analysis because that application only challenged his parole revocation from a different conviction. The AEDPA specifically provides that statutory tolling is only appropriate for the pendency of collateral challenges "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

warrant equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Nor are there any grounds for statutory tolling.  Mayes' claims do not present a constitutional right recognized by the Supreme Court within the last year, which could be retroactive on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Nor does Mayes assert (or the record support) any other ground of statutory tolling under AEDPA.  *See* 28 U.S.C. § 2244(d)(1)(B) (state created impediment); 28 U.S.C. § 2244(d)(1)(D) (newly discovered facts).  Therefore, the court recommends that this application be denied with prejudice.

The court further finds that Mayes has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 16, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge